IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                          CRIMINAL NO. 1:15CR12-LG-RHW

CARLOS MILLER, JULIE MICHELLE GLASS,
and RANDALL SHEFFIELD

### ORDER DISMISSING PETITION FOR REMISSION OR MITIGATION OF SEIZED PROPERTY FILED BY PETITIONER CARLA LASHAUN STALLWORTH

BEFORE THE COURT is the [82] Petition for Remission or Mitigation of Seized Property filed by Petitioner Carla LaShaun Stallworth on May 28, 2015. The Government filed its [83] Response to the Petition the next day. Ms. Stallworth claims that she is the rightful owner of currency seized by the Government in this criminal action and demands return of the currency. However, as discussed below, the Petition is not properly before the Court, and, thus, will be dismissed.

On March 31, 2015, the Court entered an Agreed Preliminary Order of Forfeiture. (*See* ECF No. 68). That Order stated, *inter alia*, that $8,628.00 United States Currency was subject to forfeiture pursuant to 21 U.S.C. § 853. Under the criminal forfeiture statute, 21 U.S.C. § 853, "the Attorney General is authorized to . . . grant petitions for mitigation or remissions of forfeiture . . . or take any other action to protect the rights of innocent persons which is in the interest of justice and which is not inconsistent with the provisions of" § 853. 21 U.S.C. § 853(i). Therefore, Ms. Stallworth's petition should be directed to the Attorney General, as

1

this Court is not an appropriate forum.[1]  *See* 28 C.F.R. § 9; *see also, e.g.*, *File v. United States*, No. 3:10cv333-DPJ-FKB, 2011 WL 3610663, at *5 (S.D. Miss. Aug. 16, 2011).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [82] Petition for Remission or Mitigation of Seized Property filed by Petitioner Carla LaShaun Stallworth is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 10th day of June, 2015.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[1] Rather, to be entitled to relief from the Court, a third-party must show that it has standing pursuant to § 853(n), which neither Petitioner nor the Government has cited or discussed.  *See, e.g.*, *File v. United States*, No. 3:10cv333-DPJ-FKB, 2011 WL 3610663, at *5 (S.D. Miss. Aug. 16, 2011); *United States v. E. Carroll Corr. Sys., Inc.*, 14 F. Supp. 2d 851, 852-53 (W.D. La. 1998).